IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| John McDonald, <br><br> Plaintiff, <br><br> v. <br><br> Governor JB Pritzker and Grace B. Hou, <br><br> Defendants. | No. 20 C 3653 <br><br> Hon. Rebecca R. Pallmeyer |

**DEFENDANTS' SUPPLEMENTAL FILING REGARDING
PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

Pursuant to the Court's request at the June 30, 2020 hearing, Defendants JB Pritzker and Grace B. Hou, by their attorney Kwame Raoul, Attorney General for the State of Illinois, hereby submit this supplemental filing regarding Plaintiff's motion for a temporary restraining order and preliminary injunction:

1. The Illinois Department of Human Services ("IDHS") initially believed that Mr. McDonald had not completed the Person-Centered planning process necessary to receiving IDHS funding for participation in the CDS program, based on the fact that the Individual Service Plan he submitted to the Court [ECF #8-1] was dated February 21, 2019, approximately a month before he first requested services from the Division of Developmental Disabilities. [Declaration of Allison Stark ("Stark Decl."), ECF# 16-1, ¶ 16]. After review of Plaintiff's Supplemental Filings submitted after the June 30 hearing [ECF #21], and in conjunction with preparing the requested Declaration describing the Person-Centered planning process, IDHS contacted Mr. McDonald's Independent

1

Service Coordination agency[1] and confirmed that Mr. McDonald has, in fact, completed the Person-Centered planning process required of all participants in Division-funded programs, including those participating in the CDS program.

2. Also following the June 30 hearing, while Plaintiff initially represented that he was allowed to participate at CWTC on a charitable basis only while his application for Division-funded services was pending (*see* Transcript of June 30, 2020 Hearing at 6:13-17, 7:10-15, 11:4-12:4); Defendants learned for the first time of Community Workshop and Training Center's (CWTC) representation that Plaintiff had, in fact, been a "charitable" participant since 2004. However, despite permitting Plaintiff to retain this status for sixteen (16) years, CWTC represented it is no longer willing to do so and will not permit Mr. McDonald to return to the CWTC program absent IDHS funding. [ECF #21-1].

3. Defendants are aware that CWTC purports to have developed safety guidelines and protocols under which Mr. McDonald and others may safely return to the CWTC program immediately. See ECF #9-15 at 2. As previously discussed in Director Stark's declaration, IDHS has reviewed the plan and has determined that CWTC's plan is not adequate to protect the health and safety of program participants, staff, housemates, and family members. *See* Stark Decl., ECF #16-1 at ¶¶ 29-30. IDHS's position on this point is unchanged.

4. However, after learning that CWTC will no longer permit Mr. McDonald to participate in its work training program absent DHS funding (whether as a self-pay participant, or as a charitable participant), as well as that Mr. McDonald has completed the Person-Centered planning process required for all Division-funded participants, IDHS is willing to allow Division funds for Mr.

---

[1] Defendants were unable to verify the status of Mr. McDonald's Person-Centered planning process prior to submitting their brief by 9:00 a.m. on June 29, 2020 because Mr. McDonald's Independent Service Coordination agency is not open on the weekends.

McDonald's immediate return to the CWTC work training program. This offer, which only applies to Mr. McDonald, is contingent on Mr. McDonald (or his legal representative), all adult members of his household, and CWTC signing waivers acknowledging that Mr. McDonald is returning to the program against DHS's recommendation and that they release IDHS from any liability arising from Mr. McDonald's early return to the CWTC work training program. As previously noted, and as supported by the declarations submitted by both Director Stark and Dr. Bleasdale, there are serious risks that need to be properly assessed and policies developed by providers to handle reopening during this pandemic. Plaintiff wishes to return to CWTS two days a week, which would be approximately nine (9) attendance days between now and August 1, when CDS services are anticipated to begin reopening. Absent such a waiver of liability, IDHS's position is that Plaintiff must wait to return until CWTC receives the forthcoming guidance and tools and completes the preparations necessary to reopen on August 1, 2020.

5. Finally, attached for the Court's review as Exhibits 1 and 2 are the draft Individual Benefit/Risk Tool and the Provider Readiness Tool, both of which are integral to DHS's plan for a safe reopening of the CDS program. These tools were provided to Plaintiff's counsel last week, but as far as Defendants are aware, CWTC has not used either tool to date to guide their reopening efforts.

6. The draft guidance that was referenced during argument on June 30 remains under review by the Illinois Department of Health. However, IDHS expects to receive it back within the next day or two and will file that document with the Court as soon as it has been finalized. A day or two delay in release of this guidance will not affect the anticipated CDS soft-reopening on August 1, 2020.

7. Defendants do wish to provide the Court with as much information as possible regarding the draft guidance, and to that end, attach as Exhibit 3 a high-level overview of the concepts covered by that guidance. IDHS expects that the finalized guidance ultimately submitted to this Court will be a more detailed breakdown of the concepts outlined in Exhibit 3.

Dated: July 1, 2020                                  Respectfully submitted,

                                                                    KWAME RAOUL
                                                                    Attorney General of Illinois

                                                                    */s/ Amanda L. Kozar*
                                                                    Amanda L. Kozar
                                                                    Mary A. Johnston
                                                                    Sarah Newman
                                                                    Michael Dierkes
                                                                    Office of the Illinois Attorney General
                                                                    100 West Randolph Street
                                                                    Chicago, Illinois 60601

                                                                    *Counsel for JB Pritzker and Grace B. Hou*

## **CERTIFICATE OF SERVICE**

I certify that on July 1, 2020, I caused a copy of the foregoing to be filed electronically on CM/ECF, which will cause a notice of filing to be sent to all counsel of record who have entered appearances.

                                                             */s/ Amanda L. Kozar*